IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT

| | | |
|---|---|---|
| Cindy Lewis, | ) | C.A. No.: 9:09-cv-03134-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND OPINION |
| Michael J. Astrue, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for social security disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ["Report," Doc. 22], filed on January 13, 2011. The Magistrate Judge makes only a recommendation to this court.

The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

1

**I.      Procedural Background**

Plaintiff applied for DIB and SSI on December 9, 2004, with an alleged onset-of-disability date of October 15, 2000. Her applications were denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on March 12, 2008, and the ALJ issued an unfavorable decision on June 24, 2008, finding Plaintiff was not entitled to benefits. The Appeals Council adopted the ALJ's decision on October 29, 2009, making the ALJ's decision final for purposes of review. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a Report on January 13, 2011, in which he recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

The parties were advised of their rights to file specific written objections to the Report. The Commissioner filed objections on January 28, 2011. [Doc. 23]. Plaintiff did not respond to those objections, and this matter is ripe for review.

**II.     Discussion**

A.      Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th

Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

    B.    Analysis

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1).

In his Report, which is incorporated herein by reference, the Magistrate Judge sets forth relevant facts and legal standards, which will not be repeated herein. In her principal brief, in addition to alleging that the ALJ erred by improperly evaluating the opinions of her treating and consulting physicians Dr. Ron Thompson and Dr. Ishfaq Shah, Plaintiff argued that the Appeals Council erred by denying her request for further review based on new evidence from Dr. Shah. Because the Appeals Council did not provide its reasoning for declining further review, Plaintiff argued that the court could not conduct a meaningful appellate review.

The ALJ issued his decision on June 24, 2008; the new evidence was an August 14, 2008 opinion from Dr. Shah. *See* Report at 5–6 (citing Tr. at 392). The following regulation applies to

the Appeals Council's review of additional evidence such as the August 2008 opinion from Dr. Shah:

> (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970. Evidence is new "if it is not duplicative or cumulative." *Wilkins v. Sec'y of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). It is "material" if there is a "reasonable possibility that the new evidence would have changed the outcome." *Id.*

The Magistrate Judge examined Dr. Shah's findings and opinions the ALJ had considered in conjunction with the new evidence and determined the additional evidence was "new and material" and purported to relate to the relevant time period, making 20 C.F.R. § 404.970(b) applicable to the Appeals Council's treatment of the new evidence. *See* Report at 4–7. The Report specifically noted that the new evidence "consisted of a statement from Plaintiff's treating physician which purports to cover the relevant time period and which, in part, contains a new diagnosis." Report at 7. The Magistrate Judge then considered Plaintiff's argument that the Appeals Council's failure to explain how it treated the new evidence was error. The Magistrate Judge agreed with Plaintiff and recommended that the matter be reversed and remanded for a finding regarding the weight the Appeals Council gave the new evidence and, if appropriate, its reasons for rejecting the opinion of Dr. Shah, a treating physician. Report at 9.

      1.      The Commissioner's Objection

In his sole objection, the Commissioner reiterates his arguments presented to the Magistrate Judge regarding the Appeals Council's treatment of the additional evidence from Dr. Shah. Compare Def.'s Br. [Doc. 16] at 17–19 with Def.'s Objections [Doc. 23] at 2–3. The Commissioner argues that the Appeals Council appropriately considered the additional information from Dr. Shah and that Council was not required to articulate reasons for its finding that the additional evidence did not offer a basis for changing the ALJ's decision. As before the Magistrate Judge, the Commissioner argues that the Appeals Council is not required to provide detailed reasons for finding that the additional evidence did not warrant a change in the ALJ's determination. Def.'s Objections at 2–3 (citing *Hollar v. Comm'r of Soc. Sec. Admin.*, 1999 WL75399 (4th Cir. Sept. 23, 1999) (unpublished)). The Commissioner argues that requiring the Appeals Council to provide a detailed evaluation of its consideration of additional evidence would not afford the Social Security Administration appropriate deference to its rulemaking authority. Def.'s Objections at 3. The court disagrees.

In reviewing the Commissioner's determination of disability, the court must determine whether the factual conclusions of the ALJ are supported by substantial evidence. The court is not to weigh the evidence or substitute its own judgment for that of the Commissioner. *See generally Hayes v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (noting judicial review limited to determining whether findings supported by substantial evidence and whether correct law was applied); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."); *Jordan v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978) ("A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court."); *Arnold v.*

*Secretary of H. E. W.*, 567 F.2d 258, 259 (4th Cir. 1977) (noting that, unless the Commissioner "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational") (quoting *Oppenheim V. Finch*, 495 F. 2d 396, 397 (4th Cir. 1974).

The Commissioner would have the court affirm without knowing what weight the Appeals Council gave Dr. Shah's August 2008 opinion and why it concluded the new opinion did not change the ALJ's determination. To do so would require speculation regarding whether the Commissioner's decision was based on substantial evidence. The court can examine the additional evidence *de novo*, but it cannot meaningfully review the Commissioner's decision without analyzing the new evidence and knowing how the Appeals Council treated it.

The Magistrate Judge reviewed the law regarding whether the Appeals Council must articulate its findings as to new evidence, and the court will not repeat that here.  As the Magistrate Judge noted, there is a split of authority among courts as to whether the Appeals Council should be required to articulate its reasoning when it considers additional evidence but determines the ALJ's decision need not be reviewed.  *See* Report at 7–8.  The Commissioner indicates that this issue is being considered by the Fourth Circuit Court of Appeals in *Meyer v. Astrue*, No. 10-1581, and requests that, if the court is inclined to reverse on the basis of the

evidence submitted to the Appeals Council, the court hold its ruling in abeyance until the Fourth Circuit rules on this issue in *Meyer*.[1]  Def.'s Objections at 3.

The court agrees with the Magistrate Judge's recommendation and follows those courts that have required specific findings from the Appeals Council.  *See, e.g., Belue v. Astrue*, C/A No. 1:09-942-MBS, 2010 WL 3734714 (D.S.C. Sept. 20, 2010); *Roberts v. Astrue*, C/A No. 0:09-1607-JFA, 2010 WL 2522995, at *5-6 (D.S.C. May 14, 2010); *Suber v. Comm'r Soc. Sec. Admin*, 640 F. Supp. 2d 684, 688 (D.S.C. 2009); *Chapman v. Astrue*, C/A No. 07-2868-TLW, 2010 WL 419923, at *12 (D.S.C. Jan. 29, 2010); *Harmon v. Apfel*, 103 F. Supp. 2d 869 (D.S.C. 2000).  The Commissioner's objection is without merit.  Under the facts of this case, remand is necessary.  The court denies the Commissioner's request to hold its ruling in abeyance pending a ruling in *Meyer*.

## III.    Conclusion

After a thorough and careful review of the record, including the briefs from Plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objection thereto, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in

---

[1] From the court's review of the order being appealed in *Meyer*, C/A No. 3:08-3828-JFA, 2010 WL 1257626 (D.S.C. Mar. 25, 2010), the precise issue on appeal appears to be distinguishable.  In *Meyer*, the court found that 20 C.F.R. § 404.970 did not apply to the evidence presented to the Appeals Council because such evidence was not "new" evidence that "related to the relevant time period."  *Id.*  As a result, the court found the Appeals Council properly could have disregarded the additional evidence, and found no error in the Appeals Council's failure to provide an explanation for not considering it.  The court did note that when evidence "is not new, *and perhaps even when it is*, the Appeals Council is not required to articulate its reason for failing to consider such evidence."  *Id.* (emphasis added).  Arguably, the court's suggestion regarding the Appeals Council's duties when additional evidence is new is dictum.  This case is distinguishable from *Meyer* because the court finds the additional evidence is new, material, and subject to 20 C.F.R. § 404.970.

7

the instant case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. The Commissioner's objection is overruled. For the reasons set out above and in the Report, the Commissioner's final decision is reversed and remanded for further proceedings.

**IT IS SO ORDERED.**

s/ J. Michelle Childs  
United States District Judge

Greenville, South Carolina  
March 15, 2011.